# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MERTEZ DEAN AKINS**

    **Plaintiff,**

    v.

**COLD POINT LOGISTICS**

    **Defendant.**

Case No. 2:19-CV-2270-JAR-JPO

## MEMORANDUM AND ORDER

This matter is before the Court on *pro se* Plaintiff Mertez Dean Akins' Motion for Reconsideration (Doc. 11), challenging Magistrate Judge O'Hara's Order denying appointment of counsel.[1] The Court construes this as an objection to Judge O'Hara's Order. Judge O'Hara explained in his decision that there is no constitutional right to appointed counsel in civil cases and, after considering the applicable standards, determined that appointment of counsel was not appropriate in this case at this time.

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order. With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a *de novo* review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to the law."[2] "The clearly erroneous standard applies to factual findings, and 'requires that the reviewing court affirm unless it on the entire evidence is left with

---

[1] Doc. 10.

[2] *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

the definite and firm conviction that a mistake has been committed.'"[3]

Judge O'Hara properly considered the relevant factors in determining whether counsel should be appointed in a civil case and found (1) Plaintiff is capable of presenting his case, particularly given the liberal standards governing *pro se* litigants, (2) the factual and legal issues are not extraordinarily complex, and (3) based on the limited factual allegations and claims in the complaint, the Court is unable to determine whether Plaintiff's claims are particularly meritorious. Plaintiff's limited experience and knowledge of the court system does not justify the appointment of counsel in a civil case. The Court finds that Judge O'Hara's Order denying appointment of counsel in this matter is not clearly erroneous nor contrary to the law.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration (Doc. 11) is **denied**.

**IT IS SO ORDERED.**

Dated: August 1, 2019

                                             S/ Julie A. Robinson
                                             JULIE A. ROBINSON
                                             CHIEF UNITED STATES DISTRICT JUDGE

---

[3] *McCormick v. City of Lawrence*, No. 02-2135-JWL, 2005 WL 1606595, at *2 (D. Kan. July 8, 2005) (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 3069 (2d ed. 1997)) (quoting *Ocelot Oil*, 847 F.2d at 1464) (internal quotation marks omitted).